IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK P. HOWARD,

                    Petitioner,                          OPINION and ORDER

        v.
                                                         23-cv-823-wmc
STATE OF WISCONSIN,

                    Respondent.

---

Frank P. Howard filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction from Milwaukee County Circuit Court Case No. 2017CF5181 for possessing a firearm as a previously convicted felon.  (Dkt. #1.)  The court dismissed his initial petition because he failed to allege the necessary facts to support his sole claim that he was denied effective assistance of counsel and allowed him to file an amended petition that corrected his deficient pleadings.  (Dkt. #2.)  Subsequently, the court dismissed Howard's amended petition for failing to provide the requisite factual support but granted him one final opportunity to file an amended petition that clarifies his claims and includes the necessary facts to cross "some threshold of plausibility."  *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003).  The court warned Howard that, if he failed to comply, the court would dismiss the petition with prejudice for his failure to show that he is in custody in violation of federal law.  (Dkt. #4, at 2.)   Howard, who is now on extended supervision, has filed a second amended petition to challenge his Milwaukee County conviction.  (Dkt. #5.)  For the reasons set forth below, the court will dismiss this action for failure to state a claim upon which relief may be granted.

OPINION

After a Milwaukee County jury found Howard guilty as charged of unlawful possession of a firearm as a previously convicted felon, the trial court sentenced him to three years' initial confinement followed by four years of extended supervision. Available state court records show that Howard's conviction was affirmed on appeal after his appellate counsel filed a no-merit brief under *Anders v. California*, 386 U.S. 738 (1967). *See State v. Howard*, No. 2020AP1885, 2022 WL 17814924 (Wis. Ct. App. Dec. 20, 2022). In that opinion, the Wisconsin Court of Appeals concluded that Howard -- who did not dispute that he was a previously convicted felon -- had no claim for ineffective assistance of counsel for failing to file a motion to suppress because he admitted to police after receiving *Miranda* warnings that he was in possession of a firearm when he crashed into a tree after leaving a tavern. *Id*., 2022 WL 17814924, at *1-2. Thereafter, the Wisconsin Supreme Court summarily denied Howard's petition for review. *State v. Howard*, 2023 WI 64, 2 N.W. 3d 23 (March 22, 2023) (unpublished table op.).

As noted in the court's previous orders, Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. The court must also review the petition for compliance with Rule 2(c), which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." To avoid dismissal, § 2254 petitions must satisfy "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Howard has submitted a form § 2254 petition as instructed by the court, alleging as he has done previously that he was denied effective assistance of counsel because his attorney failed to investigate or file a pretrial motion to suppress. (Dkt. #5, at 5.) Claims

2

of ineffective assistance of trial counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel provided ineffective assistance, a petitioner must show that trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id*. at 687. To demonstrate deficient performance, the petitioner must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id*. at 688.  Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  "[B]ecause counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).  To prove prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Howard's most recent amended petition alleges *zero* facts showing what his trial counsel would have uncovered if he had undertaken additional investigation and he similarly fails to allege any facts showing that counsel had grounds to file a motion to suppress.  Thus, as with his previous petitions, Howard's claims are conclusory and are insufficient to show that he was denied effective assistance of counsel.  *See Strickland*, 466 U.S. at 690 ("[A] claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("[C]onclusory allegations do not satisfy *Strickland*'s prejudice component.") (citing *United States v. Boyles*, 57 F.3d 535, 550 (7th Cir. 1995)).  The court concludes, therefore, that this action must be dismissed for failure to state a claim upon which federal habeas corpus relief may be granted.

3

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). The petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the United States Supreme Court. Because no reasonable jurist would debate whether the petition should have been resolved differently, the court will not issue petitioner a certificate of appealability.


ORDER

IT IS ORDERED that:

1) The federal habeas corpus action filed by petitioner Frank P. Howard is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2) A certificate of appealability is DENIED.

3) The clerk's office is directed to close this case and enter judgment.

Entered this 20th day of February, 2025.

BY THE COURT:
/s/
_____
WILLIAM M. CONLEY
District Judge

4